IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHARON L. HAYNES, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:23-cv-02527-B (BT) |
| | § | |
| SALIENCE HEALTH TMS, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Sharon L. Haynes seeks leave to proceed *in forma pauperis* in this *pro se* civil action. For the reasons stated, the Court should deny Haynes's motion for leave to proceed *in forma pauperis* (ECF No. 4) and dismiss her case without prejudice, unless she pays the $402.00 filing fee by December 22, 2023.

I.

A federal district court may authorize a person to bring a civil action *in forma pauperis*—that is, without the prepayment of fees—when the person submits an affidavit establishing they are unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). The goal of this provision is to allow access to federal courts for those plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The Court must examine the financial condition of the applicant to determine whether the payment of fees would

"cause undue financial hardship." *Id.* "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* The Court may require a plaintiff to complete a financial affidavit in support of a motion to proceed *in forma pauperis*. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 439-40 (5th Cir. 2016).

In this case, Haynes filed a financial affidavit in support of her request to proceed *in forma pauperis* stating that she receives $15,000 in employment compensation from Medix and $3,000 in unemployment compensation. (ECF No. 4). Haynes's living expenses are well below her income. *See id.* Based on this information, the Court should find Haynes has failed to show that payment of the filing fee would cause her undue financial hardship.

## II.

The Court should DENY Haynes's motion for leave to proceed *in forma pauperis* (ECF No. 4) and dismiss her case without prejudice, unless she pays the $402.00 filing fee by December 22, 2023.

Signed November 22, 2023.

_____

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).